Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:08-CV-025-KKC

LAMONT C. FITCH                                                                                   PLAINTIFF

VS:              **MEMORANDUM OPINION AND ORDER**

CITY OF LEITCHFIELD, KENTUCKY, et al.                                        DEFENDANTS

\*\*\*\*   \*\*\*\*   \*\*\*\*

Lamont C. Fitch, an individual currently incarcerated in the Grayson County Detention Center ("GCDC"), in Leitchfield, Kentucky, has submitted a *pro se* prisoner civil rights action, pursuant to 42 U.S.C. § 1983. His Motion to Proceed *in forma pauperis* has been granted by separate Order. The Complaint is now before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

In screening, as always for submissions by *pro se* litigants, the Complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in a complaint are taken as true and liberally construed in the pro se litigant's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

CLAIMS

Plaintiff claims violations of his rights under the U.S. Constitution at the First, Fourth, Sixth, Eighth, and Fourteenth Amendments; violations of several statutes in Title 18 of the United States Code; a conspiracy to violate his civil rights; violations of portions of Kentucky's Constitution; and the commission of a libel against him.

DEFENDANTS

As the Defendants, Plaintiff names (1) the City of Leitchfield, Kentucky and (2) the GCDC. He also sues the following persons at the GCDC, in both their official and individual capacities: (3) Jailer Darwin Dennison, (4) Chief Deputy Jason Woosley, (5) Deputy Andy Cain, (6) Deputy Kim Willis, (7) Deputy Gail Basham, (8) Morris Basham, and (9) Deputy Randy Cook. Further, Plaintiff states his intent to sue John and Jane Does.

RELIEF REQUESTED

Plaintiff demands a trial by jury, declaratory and injunctive relief, and damages.

FACTUAL ALLEGATIONS

The following is a summary or construction of the Plaintiff's allegations in his 18-page Complaint, which consists of a self-styled handwritten document to which he has attached pages from a commonly used complaint form. Record No. 2. He has numbered his allegations in paragraphs which the Court will reference below.

Plaintiff describes himself as a pre-trial detainee on "trumped up" federal charges, although he also admits that while he was at the GCDC, he was convicted. The Plaintiff refers to and the docket of this Court confirms that a criminal case has been prosecuted against him

during the time complained of herein, *United States v. Lamont Fitch*, 7:06-CR-012-GFVT. Proceeding largely *pro se* before a jury, on November 7, 2007, Plaintiff was convicted of the crime of assault in violation of 18 U.S.C. §113(a)(4), one of the two crimes for which he was indicted.[1] His sentencing is set for April 16, 2008.

Fitch claims that the events complained-of herein are part of continuing staff misconduct and a vast conspiracy throughout the Department of Justice, the Federal Bureau of Investigation, and subordinate staff to violate his rights and injure him. He identifies three prior lawsuits about this conspiracy. In the United States District Court for the District of New Jersey, Trenton Division, he initiated the following against federal officials: 92-4589 (MLP), 92-5025 (MTB), and 93-2198 (MTB).[2] Fitch claims that all three "derived from one conspiracy." He was unable to prosecute them, however, because of a "vast retaliation campaign of bad faith state and federal officials. I was stalked, tormented, suppressed and attempts were made on my life." Record No. 2 at 16.

Consistent therewith, Plaintiff alleges that from January 19, 2007, to the present, the named Defendants at the GCDC all "conspired to supress [sic], impede and obstruct my pro se defense preparations within USA v. Fitch, 7:06-CR-12-GVT." Further, purportedly, the actions complained of herein were and still are retaliatory; racially motivated, as he is an African American and similarly situated whites are treated better; and designed to create a violent and

---

[1] The jury acquitted Fitch on the first count of the indictment, assaulting, resisting, opposing, and impeding an employee of the United States, in violation of 18 U.S.C. § 111(a)(1) and (b).

[2] Pacer research also reveals Fitch's two prior civil rights lawsuits, both prosecuted *pro se* and *in forma pauperis*, against state defendants in the New Jersey District Court, *Fitch v. Fauver, et al.*, Newark No. 92-CV-098-MTB (voluntary dismissal on February 5, 1992) and *Fitch v. N.J. D.O.C.*, Trenton No. 94-CV-2569-MLC (dismissed for failure to prosecute on April 25, 1996).

hostile environment to try to kill him. [¶ 24-28, 30]

As to specific complaints, Fitch begins with an event purportedly occurring shortly after his arrival at GCDC. He alleges that on January 19, 2007, unknown John Does threw away his "religious beanie (kufi)," and he did not even find out about it until February 5th. He "filed grievances accordingly." [¶ 5-6] The Court construes this as being Fitch's attempt to state a First Amendment religious freedom claim.

Additionally with regard to the purported violations of his First Amendment rights, on or about April 4 - 13, 2007, a Jane Doe and other unidentified GCDC staff are alleged to have opened his attorney/client legal mail containing sensitive material improperly, outside his presence, with the result that he was subjected to harassment by staff. Plaintiff alleges that he filed grievances about this event, but received no relief. [¶ 7]

Later, on August 8, 2007, Defendants Andy Cain and Kim Willis are alleged to have improperly opened his legal mail from the federal prosecutor in his criminal case and to have given it to another inmate to deliver to Fitch, while the legal mail of a white federal detainee named Perkins was properly opened in Perkins presence by Cain. Upon Plaintiff's submitting grievances, purportedly Willis denied any intentional wrong-doing and Fitch received no relief. [¶ 11-13]

Further as to the incoming mail issue, Plaintiff alleges that three of the Defendants, Cook, City of Leitchfield, and the GCDC, conspired to, and on September 4, 2007 did, open legal mail addressed to him from an attorney, and they withheld it from him. It consisted of *Brady* materials, including a DVD with surveillance footage, which he did not learn of until September

4

6th. Plaintiff claims that because of these Defendants' action, his *pro se* defense was sabotaged and this caused his November 7th conviction. [¶ 14-15]

Plaintiff also complains of an atmosphere of violence purportedly thriving at the jail. He claims that the GCDC and individual Defendants Woosley, Dennison, and Morris Basham encouraged racial conflicts through a tactic known as "pitting." On May 30, 2007, this supposedly ended in his being attacked by several white pre-trial detainees, who injured his hand. On June 26th, Morris Basham is alleged to have instigated another conflict by arranging to have Fitch and a library trustee come the prison law library at the same time. The anticipated altercation took place, as planned. Plaintiff does not allege that he was physically injured during this second conflict in the library, but he complains that the Defendants expelled him from the library as a result, "thus denying legal access to the courts." Plaintiff again claims to have filed grievances. [¶ 8-10]

More claims about the library are made, Plaintiff contends that both Basham Defendants and Defendant Woosley conspired to and did block him from being in the library on at least three occasions. [Record No. 26-27] Later, in January of 2008, Gail Basham is alleged to have conspired with an inmate trustee to spy on Fitch's preparation of a civil action for damages in the law library. They then purportedly conspired with Woosley to totally ban Plaintiff from the library by charging him with having stolen the two books which the trustee had given him permission to take to his pod in order to continue his work.

As an alleged consequence of the actions of the Bashams and Woosley, Plaintiff was banned from both the library and the use of law books, with no opportunity to defend himself.

5

Hereafter, he would have to pay to have copies made of anything he wanted to read. In addition to claiming that these incidents constituted violations of his right to access to courts, Plaintiff claims that these Defendants' conduct was racially motivated. He also urges a libel claim based upon Woosley's calling him a thief. [¶ 16-20]

Plaintiff makes a final allegation as to the purported violence at GCDC aimed at him. He states that on January 29, 2008, as he approached and began speaking to Defendant Cain with a hand full of the grievances he had filed about being denied access to the library, an "informant inmate approached and struck me . . . from behind, breaking my jaw in at least two different places." Cain and others intervened to separate the inmates, the Plaintiff complaining that he was, therefore, "unable to defend/retaliate." Fitch states that he has now had one surgery on the jaw and is in protective custody post-op for recovery, with a future surgery also being planned. [¶ 21-22]

Plaintiff closes his factual allegations with the claim that Defendants City of Leitchfield, the GCDC, and Jailer Dennison have failed to train their subordinates. These three Defendants, together with Deputy Jailer Woosley, are also alleged to have conspired together to bring these events to pass, a conspiracy which was and is racially motived. [¶ 29-30]

With regard to the administrative remedy system at the GCDC, Plaintiff contends that there is one and he used it continually. He attaches a copy of page 4 of a 7-page GCDC document, which contains the following paragraph:

> GRIEVANCE: Inmates are allowed to submit grievances if they believe they have been subjected to abuse, harassment, abridgement of civil rights or denied privileges as specified in the posted rules. The grievance is to be made in the form of a written statement, sealed in an unstamped envelope and addressed to the

jailer.

Record No. 2 at 16.  Fitch claims that he properly gave his grievances to Jailer Dennison and Chief Deputy Jailer Woosley, but they did not respond with any relief in the time period at issue herein.  There is evidently no provision for an appeal.  It is not provided for in the attachment, and the Plaintiff states that there was no avenue of appeal.  After a grievance was denied, the Plaintiff alleges, he persisted nontheless, by filing request forms and writing letters.

Finally, as to the relief requested herein, Fitch states that he seeks a declaration that the Defendants violated the U.S. Constitution; injunctive relief in the form of an Order commanding all of his custodians to refrain from all retaliation; and substantial damages, both compensatory and punitive.  Plaintiff's verified Complaint arrived in the Office of the Clerk on February 7, 2008.

## DISCUSSION

To establish a right to relief under § 1983, the plaintiff must plead and prove two essential elements.  He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).  State law claims may accompany the federal claims under the federal courts' supplemental jurisdiction.  28 U.S.C. § 1367.

Plaintiff Fitch has appropriately alleged federal and state claims herein.  Although it is not clear that Plaintiff Fitch exhausted the GCDC's administrative remedy scheme with regard

to each claim, as is required for prisoner filings, under 42 U.S.C. 19973(a), it is also not clear that he did not. The Supreme Court held last year that a prisoner's failure to exhaust is an affirmative defense to be raised or waived by the Defendants. *Jones v. Bock*, ____ U.S. ____, ____, 127 S.Ct. 910, 913-15 (2007). Therefore, it is not yet obvious which claims can proceed as exhausted, and which claims are unexhausted and must be dismissed without prejudice. *Id.* Accordingly, all of the named Defendants will be summoned to respond to the allegations in Fitch's Complaint.

With regard to the John and Jane Doe Defendants, the Court advises Plaintiff of the provisions of Federal Rule of Civil Procedure 4(m):

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed.R.Civ.P. 4(m) (2007). Plaintiff is on notice that if any John Doe defendants are not named and served within 120 days, then the claims against said John Doe defendants shall be dismissed pursuant to the terms of Rule 4(m).

## CONCLUSION

Lamont C. Fitch having submitted a prisoner *pro se* 42 U.S.C. § 1983 Complaint claiming violations of his various federal rights by city officials, and the Court being advised,

**IT IS ORDERED** as follows:

(1)     The Defendants in this action are (1) the City of Leitchfield, Kentucky; (2) the

8

Grayson County Detention Center, in Leitchfield, Kentucky; and the following Grayson County Detention Center staff: (3) Jailer Darwin Dennison, (4) Chief Deputy Jason Woosley, (5) Deputy Andy Cain, (6) Deputy Kim Willis, (7) Deputy Gail Basham, (8) Morris Basham, and (9) Deputy Randy Cook.

(2) The Clerk in the divisional office in which the case lies shall prepare and issue summons for the City of Leitchfield, Kentucky, and the Grayson County Detention Center in Leitchfield; further, the Clerk shall prepare and issue summons for the remaining named Defendants listed above in preceding ¶ (1), in both their official and individual capacities: Jailer Darwin Dennison, Chief Deputy Jason Woosley, Deputy Andy Cain, Deputy Kim Willis, Deputy Gail Basham, Morris Basham, and Deputy Randy Cook.

(3) The divisional Clerk shall also prepare as many copies of the Complaint as there are summonses and any required USM Form 285. If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a Clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(4) After the Divisional Clerk's office has prepared the summonses, USM Form 285, complaint copies, copies of this Order, and/or any other documents necessary to effectuate service, a Deputy Clerk shall forward said documents, by certified mail, to the United States Marshal's office in Lexington, Kentucky.

(5) The Divisional Clerk shall enter the certified mail receipt into the instant record.

(6) The United States Marshal shall serve a summons, Complaint copy, and copy of

this Order on each named Defendant listed in ¶ (1) and shall do so by either personal service or by certified mail, return receipt requested, whichever the Marshal shall prefer.

    (7)    The United States Marshal shall make a return report to the Court of whether each summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

    (8)    The Plaintiff shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

    (9)    For every further pleading or other document he wishes to submit for consideration by the Court, the Plaintiff shall serve upon each Defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. Plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

    Dated this 19th day of March, 2008.



**Signed By:**
*Karen K. Caldwell*  KKC
**United States District Judge**